. In re JAMES A. BRADY FOUNDRY CO.

HEIM v. LINDQUIST.

(Circuit Court of Appeals, Seventh Circuit. December 11, 1924.)

No. 3402.

1. Bankruptcy ⊚⟹319—Judgment rendered after bankruptcy not a provable claim.

A judgment rendered against the bankrupt by default after bankruptcy is not provable against the estate, over objection of the trustee, without inquiry into the merits of the claim.

2. Bankruptcy ⊚⟹339—Trustee held not precluded from contesting claim on judgment by moving to set it aside.

Trustee *held* not precluded from contesting the allowance of a judgment rendered against bankrupt after bankruptcy as a claim against the estate, because he appeared after the judgment was rendered and moved to set it aside.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the Matter of the James A. Brady Foundry Company, bankrupt; Joseph E. Lindquist, trustee. Carl Heim appeals from an order disallowing his claim, founded on a judgment. Affirmed, with leave to present the claim on the merits.

Frank P. A'Brunswick, of Chicago, Ill., for appellant.

Gilbert F. Wagner, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Bankrupt's voluntary petition was filed April 13, 1923. Adjudication followed shortly thereafter, and appellant presented a claim against the estate for $7,000 and interest, exhibiting as evidence a certified copy of a judgment in his favor rendered in the superior court of Cook county against bankrupt May 5, 1923, which was a few days after the appointment of a trustee for the bankrupt estate. The trustee objected to the claim, contending that the judgment is void, and denying any indebtedness.

[1] The judgment on its face purports to have been entered by default, and appellant, although given opportunity by the referee, declined to present evidence upon the merits of his claim, relying wholly upon the judgment. The referee disallowed the claim, and his action was confirmed by the District Court.

[2] Appellant contends that the trustee is precluded from questioning the judgment, because he became a party to the state court litigation, in that upon learning of the entry of the judgment he appeared in the court and moved to set it aside. He did make such motion, which that court denied for reason not appearing, but presumably because made after the court had lost jurisdiction of the case through expiration of the term of court at which the judgment was rendered. Counsel contend that this was not the reason, because he says the

motion was to correct errors of fact, as provided for by the Practice Act of Illinois as a substitute for the common-law writ of error coram nobis. Section 89, c. 110, Rev. Stats. Ill. We find nothing in the record to indicate that the motion was of this nature; but, if it were, we do not think it would make any difference, since it is apparent that whatever the nature of the trustee's motion, or the court's reason for denying it, the merits of the case had not been in any way inquired into.

It does not appear that either party in the proceedings below "dotted the i's" or "crossed the t's." Sufficient appears, however, to indicate that the trustee maintained there was no indebtedness due from the bankrupt to the claimant, and we hold this was a matter to be inquired into upon the hearing of the claim, and that the action of the District Court was proper. It may be assumed that in good faith appellant relied upon the absolute incontestability of his judgment, and we are disposed to accord him further opportunity to undertake establishment of his claim on its merits.

The cause is remanded to the District Court, with direction to the referee to hear the claim upon its merits apart from the judgment itself, and to fix early date for such hearing; costs of this appeal to be taxed against appellant.